UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BONILLA, *et al.*, | No. C-05-3259 EMC |
| Plaintiffs, | |
| v. | **FINAL PRETRIAL CONFERENCE ORDER** |
| KDH BACKHOE SERVICE, INC., *et al.*, | |
| Defendants. | |
| _____/ | |

A Final Pretrial Conference was held in this matter on October 23, 2006. Pursuant to Federal Rule of Civil Procedure 16(e), this order memorializes the rulings made at the Final Pretrial Conference.

A. <u>Defendant George Claire Humphrey</u>

In their joint pretrial statement, the parties indicated that they expected to stipulate to a dismissal of George Claire Humphrey. A stipulation and proposed order for dismissal was filed on October 23, 2006, shortly before the Final Pretrial Conference was held.

B. <u>Defendant Wayne Humphrey</u>

Wayne Humphrey appears to have filed for bankruptcy in the Eastern District of California. Counsel for Defendants provided to the Court a copy of a notice of stay of proceedings that bankruptcy counsel for Wayne Humphrey prepared for this case. The parties agreed, and the Court holds that, because of the bankruptcy proceeding, there is an automatic stay with respect to the suit against Wayne Humphrey. *See* 11 U.S.C. § 362.

C. <u>Defendant KDH Backhoe</u>

There is no evidence that KDH Backhoe has filed for bankruptcy. Accordingly, there is no basis for a stay of the litigation with respect to KDH Backhoe.

D. <u>Plaintiffs' Motion in Limine</u>

Plaintiffs have moved to exclude evidence of representations or oral modifications of the collective bargaining agreements. None of the Defendants filed an opposition to the motion in limine. Because Defendants failed to oppose the motion, and because case law supports Plaintiffs' motion, the motion in limine is hereby **GRANTED**. *See, e.g.*, *Central States, Southeast & Southwest Areas Pension Fund*, 870 F.2d 1148, 1149 (7th Cir. 1989) (holding that a plan is "entitled to enforce the writing without regard to understandings or defenses applicable to the original parties"); *Waggoner v. Dallaire*, 649 F.2d 1362, 1366 (9th Cir. 1981) (noting that provision of the LRMA "does not specifically prohibit oral modifications of written trust agreements, but such a limitation may be inferred from the context of the rest of the parent section").

E. <u>Submission to Court Based on Undisputed Facts</u>

At the Final Pretrial Conference, both counsel for KDH Backhoe and counsel for Plaintiffs stated that they did not wish to present any testimony or other evidence to the Court. The parties therefore submitted the case for judicial resolution based on the undisputed facts and evidence already submitted. Accordingly, the trial scheduled to begin on October 26, 2006, was vacated.

F. <u>Proposed Findings of Fact and Conclusions of Law</u>

The parties submitted joint proposed findings of fact and conclusions of law as part of the pretrial filings. After the Final Pretrial Conference, the Court instructed Plaintiffs to submit updated proposed findings of fact and conclusions of law by October 27, 2006. The Court further instructed

///
///
///
///
///
///

Plaintiffs to submit a proposed judgment (with respect to KDH Backhoe).  In order to give counsel for Defendants an opportunity to apprise Wayne Humphrey's bankruptcy counsel of the events that transpired at the Final Pretrial Conference, the Court stated that it would not enter any judgment before October 30, 2006.

IT IS SO ORDERED.

Dated:  October 24, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

3