UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BONILLA, *et al.*, | No. C-05-3259 EMC |
| Plaintiffs, | |
| v. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW (KDH BACKHOE)** |
| KDH BACKHOE SERVICE, INC., *et al.*, | |
| Defendants. _____/ | |

Pursuant to 28 U.S.C. § 636(c), the parties consented to the assignment of this action to a magistrate for all purposes, including trial and the entry of judgment.

## I. FACTUAL & PROCEDURAL BACKGROUND

A bench trial in this action was scheduled to begin on October 26, 2006. Prior to trial, the parties stipulated to the dismissal of Defendant George Claire Humphrey. In addition, Defendant Wayne Humphrey filed for bankruptcy, which resulted in an automatic stay of the suit against him. This left KDH Backhoe Service, Inc. as the only defendant proceeding to trial.

At the Final Pretrial Conference, held on October 23, 2006, both counsel for KDH Backhoe and counsel for Plaintiffs stated that they did not wish to present any testimony or other evidence to the Court. The parties therefore submitted the case for judicial resolution based on the undisputed facts and evidence already submitted with the pretrial filings, and the Court vacated the trial scheduled to begin on October 26.

The Court notes that, on October 4, 2006, KDH Backhoe, Wayne Humphrey, and Plaintiffs submitted joint proposed findings of fact and conclusions of law. *See* Docket No. 46 ("stipulat[ing],

through their respective counsel, that the Court may make [the following] findings of fact and conclusions of law"). One of the stipulated findings of fact was that "[t]he amount due for contributions, liquidated damages, interest through July 25, 2006, and audit costs is accurately set forth on the Trust Funds' revised audit report dated July 10, 2006, amounting to a total of $104,399.76." Proposed FF ¶ 9. The revised audit report is Plaintiffs' Exhibit 3. It reflects that $71,592.93 were owed in unpaid contributions; $10,232.62 in liquidated damages; $16,993.62 in interest; and $5,580.59 in audit costs. On October 31, 2006, Plaintiffs submitted updated findings of fact and conclusions of law. *See* Docket No. 55. The same amount of damages was sought, with the exception that Plaintiffs asked for additional interest to reflect the passage of time.

Further, the Court notes that Plaintiffs filed a motion in limine to exclude, *inter alia*, evidence of any alleged oral representations that purported to modify Defendants' obligations. Defendants did not file any opposition nor did it oppose the motion at the pretrial conference. The Court granted the motion.

The Court now makes the following findings of fact and conclusions of law with respect to KDH Backhoe based on the undisputed facts and evidence presented to the Court.

## II.   **FINDINGS OF FACT**

1.   Plaintiffs are the trustees of various trust funds and the trust funds themselves. Plaintiffs are hereinafter referred to as the "Trust Funds."

2.   KDH Backhoe (doing business as H&H Backhoe, Inc.) was a signatory to collective bargaining agreements with Operating Engineers Local Union No. 3.

3.   The collective bargaining agreements required employers to make fringe benefit contributions to the Trust Funds. The contributions were to be made on a monthly basis, calculated by multiplying the contribution rate then in effect by the number of hours worked by employees performing covered work in the previous month. The collective bargaining agreements further provided that, if a contribution became delinquent, the employer would pay liquidated damages for each Trust Fund equal to the greater of 15% of the delinquent contribution or $35.00, which amount would be added to the principal, and interest at the rate of 12% per annum on the entire principal amount until the contribution was paid.

2

4. The collective bargaining agreements provided that, if an employer defaulted in making fringe benefit contributions, the employer would be obligated to pay the Trust Funds' reasonable attorneys' fees, auditors and accountants' fees, and costs incurred in bringing a claim or suit against the employer with respect to the delinquent contributions.

5. Pursuant to an audit conducted by Plaintiffs' auditor, from January 1, 2003 through June 30, 2005, KDH Backhoe underreported 4,683.75 hours,[1] and the delinquent contributions due for those hours amount to $71,592.93. Liquidated damages of $10,232.62 are due on those contributions which, when added to principal, result in a principal balance of $81,825.55. Interest, at the rate of $12% per annum, or 1% per month, amounts to $19,710.52 through November 3, 2006.[2] Plaintiffs also incurred auditors' fees of $5,580.59.

### III.   CONCLUSIONS OF LAW

1. The Court has jurisdiction over this action pursuant to ERISA §§ 502(g)(2) and 515. *See* 29 U.S.C. § 1132(g)(2), 1145.

2. KDH Backhoe is an employer within the meaning of ERISA §§ 3(5) and 515, *see* 29 U.S.C. §§ 1002(5) and 1145, and was required to make fringe benefit contributions to the plaintiff Trust Funds pursuant to its collective bargaining agreements with Operating Engineers Local Union No. 3.

3. KDH Backhoe breached its obligations under its collective bargaining agreements by underreporting hours worked between January 1, 2003 through June 30, 2005, and by failing to make the required contributions for those hours.

---

[1] According to the parties' joint proposed findings of fact and conclusions of law, the number of underreported hours was 4,663.75 instead of 4,683.75. However, this appears to have a typographical error; the revised audit report concluded that there were 4,683.75 underreported hours. In any event, KDH Backhoe does not dispute that it owes $71,592.93 for delinquent contributions because of underreported hours.

[2] In the parties' joint proposed findings of fact and conclusions of law, the parties agreed that interest in the amount of $16,993.62 was due as of July 25, 2006, as reflected by the revised audit report. As of November 3, 2006, there is an additional 101 days of interest due on the principal balance. The daily interest is $26.90 (*i.e.*, $81,825.55 ÷ 365 days). In other words, there is an additional $2,716.90 due (*i.e.*, $26.90 x 101 days). The sum of $16,993.62 and $2,716.90 is $19,710.52.

4. The Trust Funds are entitled to judgment against KDH Backhoe, in its own name and doing business as H&H in the amount of $106,854.51, comprised of: $71,592.93 for unpaid delinquent contributions; $10,232.62 for liquidated damages thereon; $19,710.52 for interest thereon through November 3, 2006; and $5,580.59 in auditors' fees.

IT IS SO ORDERED.

Dated: November 3, 2006

_____
EDWARD M. CHEN
United States Magistrate Judge

4