United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN BONILLA, *et al.*,

    Plaintiffs,

    v.

KDH BACKHOE SERVICE, INC., *et al.*,

    Defendants.

_____/

No. C-05-3259 EMC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

**(Docket No. 62)**

Previously, the Court issued findings of fact and conclusions of law, in which it determined that Plaintiffs the Trust Funds were entitled to judgment against Defendant KDH Backhoe, in its own name and doing business as H&H. in the amount of $106,854.51, comprised of: $71,592.93 for unpaid delinquent contributions; $10,232.62 for liquidated damages thereon; $19,710.52 for interest thereon through November 3, 2006; and $5,580.59 in auditors' fees. The Trust Funds have now moved for their attorney's fees and costs. KDH Backhoe failed to file an opposition to the motion. Counsel for KDH Backhoe informed the Court that no opposition would be filed and moreover that he would not appear for any hearing on the motion. Accordingly, the Court issued an order vacating the hearing on the motion for fees and costs and stated that it would issue an order based on the Trust Funds' papers only. Having reviewed those papers, the Court hereby **GRANTS** in part and **DENIES** in part the motion for fees and costs.

## I. **DISCUSSION**

The Trust Funds ask to be awarded under 29 U.S.C. § 1132(g)(2) attorney's fees in the amount of $29,700 and costs in the amount of $2,528.01.  Under 29 U.S.C. § 1132(g)(2)(D), an award of fees is mandatory, and the Trust Funds are entitled to reasonable fees and costs.  *See* 29 U.S.C. § 1132(g)(2)(D) (providing that a court shall award a fiduciary who prevails in a § 1145 claim reasonable attorney's fees and costs).

A.  Attorney's Fees

The Ninth Circuit has instructed that reasonableness should be informed by the typical *Hensley* lodestar/multiplier approach.  *See Kemmis v. McGoldrick*, 706 F.2d 993, 998 (9th Cir. 1983) (in awarding fees under § 1132(g)(2), court cites *Johnson* factors discussed in *Hensley*).  *See also Van Gerwen v. Guarantee Mut. Ins. Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (applying the *Hensley* lodestar/multiplier approach to determine reasonable attorney's fees under § 1132(g)(1).  In this case, the Trust Funds do not ask for a multiplier.  The Court therefore focuses on the lodestar -- *i.e.*, what is a reasonable hourly rate for the Trust Funds' attorneys and whether the hours requested by the Trust Funds are reasonable in number.

The hourly rate sought by the Trust Funds -- *i.e.*, $225 -- is reasonable.  This Court has previously awarded similar rates for attorneys of comparable skill, experience, and reputation.  *Cf. Oberfelder v. City of Petaluma*, No. C-98-1470 MHP, 2002 U.S. Dist. LEXIS 8635, at *13-14 (N.D. Cal. Jan. 29, 2002) (Patel, J.) ("Fee applicants sustain their burden of proof by submitting sufficient evidence that requested rates are comparable to the current market rates.  Alternatively, in evaluating the requested hourly rate, a district court may rely on its own knowledge of comparable rates charged by other lawyers in the district."); *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986) (in absence of submissions from defendants controverting rates requested by plaintiffs, relying on "its prior orders in this case, the rates recently awarded in comparable cases, and its own experience of legal practice in Los Angeles in determining appropriate hourly rates").

However, the number of hours is not entirely reasonable.  George Humphrey was dismissed from the case by the Trust Funds because, in essence, he was not involved in the business of KDH Backhoe during the relevant period.  The Trust Funds have not established that it is reasonable for

2

KDH Backhoe to pay for the fees related to George Humphrey which included efforts leading to the discovery that Mr. Humphrey was not a proper defendant. Accordingly, those hours should be excluded.

Based on the billing records submitted by the Trust Funds, however, it is not possible for the Court to identify the specific hours that should be eliminated. *See* Bevington Decl., Ex. A. The Court shall therefore take a percentage reduction of the fee award in an effort to account for those hours. *Cf. Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1343 (2d Cir. 1994) (upholding district court decision on fees which included, *inter alia*, an "overall thirty percent reduction . . . intended to compensate for any contribution of imprecise recordkeeping to the difficulty of segregating the time devoted to successful and unsuccessful claims"). More specifically, the Court shall reduce the fee award sought by the Trust Funds by 10 percent. A larger discount is not appropriate since the majority of the work on the case was relevant to the claims against all of the defendants. Accordingly, the Court awards fees in the amount of $26,730.

B.     Costs

As noted above, 29 U.S.C.§ 1132(g)(2) specifies that not only are attorney's fees recoverable but also costs. Section 1132(g)(2) is largely the same as 29 U.S.C. § 1132(g)(1) except that, under the latter statute, an award of fees and costs is discretionary instead of mandatory. In *Agredano v. Mutual of Omaha Cos.*, 75 F.3d 541 (9th Cir. 1996), the Ninth Circuit held that the allowance for costs under 29 U.S.C. § 1132(g)(1) "empowers courts to award only the types of 'costs' allowed by 28 U.S.C. § 1920, and only in the amounts allowed by section 1920 itself, by 28 U.S.C. § 1821 [providing for witness fees] or by similar such provisions." *Id.* at 544. Given the Ninth Circuit's approach to costs for § 1132(g)(1), it is reasonable to apply the same approach to § 1132(g)(2). The Trust Funds have not cited any authority to the contrary.

Under § 1920,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1)     Fees of the clerk and marshal;
> (2)     Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)     Fees and disbursements for printing and witnesses;

|   |   |   |
|---|---|---|
| (4) | | Fees for exemplification and copies of papers necessarily obtained for use in the case; |
| (5) | | Docket fees under section 1923 of this title [28 USCS § 1923]; |
| (6) | | Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828]. |

28 U.S.C. § 1920. Plaintiffs are asking for costs that fall outside of these parameters -- *e.g.*, postage, online research, overnight delivery, and messenger services. *See* Bevington Decl., Ex. B. Accordingly, the Court excludes from the award costs for postage, online research, overnight delivery, and messenger services. The Trust Funds are therefore awarded costs in the amount of $1,350.80.

## II.  CONCLUSION

For the foregoing reasons, the Trust Funds' motion for attorney's fees and costs is granted in part and denied in part. The Trust Funds are awarded fees in the amount of $26,370 and costs in the amount of $1,350.80.

This order disposes of Docket No. 62.

IT IS SO ORDERED.

Dated: January 4, 2007

_____
EDWARD M. CHEN
United States Magistrate Judge

4